IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR251 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| OSCAR GONZALEZ-MILANEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Oscar Gonzalez-Milanez ("Gonzalez"): Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 83); and the motion for leave to proceed in forma pauperis (Filing No. 84). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Gonzalez pleaded guilty to Counts I and III of the Superseding Indictment charging him with possessing actual methamphetamine with intent to distribute and illegal reentry, respectively. Gonzalez was sentenced to 140 months imprisonment on Count I and a concurrent term of 24 months on Count III. No appeal was filed. Gonzalez's timely § 2255 motion followed.

**DISCUSSION**

In his § 2255 motion, Gonzalez argues that he received ineffective assistance of counsel from this retained counsel, Mary Gryva. Specifically, Gonzalez argues that Gryva and the government's attorney misled him by telling him if he pleaded guilty he would receive credit for the safety valve and be sentenced to 108 months imprisonment.

In order to establish ineffective assistance of counsel, Gonzalez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Gonzalez states that he signed a plea agreement. (Filing No. 83, at 4.) However, according to the record, although two proposed plea agreements were presented, there was no plea agreement in his case. His plea petition, completed under oath, shows that he understood he could have received up to life imprisonment on Count I and up to 2 years imprisonment on Count III. He also stated in his plea petition that he knew he faced a mandatory minimum sentence on Count I of 120 months. His plea petition states that no one made promises or predictions of a lighter sentence to induce him to plead guilty, and the only reason he was pleading guilty was that he was guilty of the charged offenses.

At his change of plea hearing, Gonzalez's answers under oath mirrored his statements in his plea petition. He answered that he understood the sentence that would be imposed might be different from the sentence he and his attorney believed might be imposed. Gryva explained that her advice was to reject the two proposed plea agreements and plead without an agreement, and Gonzalez stated that he had agreed with Gryva to proceed accordingly. Gonzalez stated, as he did in his plea petition, that he had no objections to Gryva's representation.

Gonzalez had two criminal history points and, therefore, for this reason alone the safety valve would not apply in his case. 18 U.S.C. § 3553(f)(1). Therefore, even assuming that Gonzalez could prove his attorney's ineffectiveness and therefore the first prong of *Strickland*,[1] he cannot prove that he suffered prejudice as a result of any ineffectiveness. Because he cannot prove the second *Strickland* prong, as the record shows he is not entitled to relief, his motion will be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 83);

2. Upon initial review, the Court summarily dismisses the motion (Filing No. 83);

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 84) is denied;

4. A separate Judgment will be entered; and

---

[1] By this statement, the Court does not express an opinion that Gryva was ineffective. On the contrary, the record shows her zealous representation of Gonzalez.

5.	The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge